*J. R. Robinson, A. Harding, for appellant.*

---

GEORGE L. HELM *v.* WILLIAM NEAL.

[Abstract Kentucky Law Reporter, Vol. 2—224.]

**Attachment for Rent.**

> Neither the refusal of a tenant to sign a lease nor his denial that he was bound for the rent will furnish any ground for an attachment of his property.

APPEAL FROM BARREN CIRCUIT COURT.

February 10, 1881.

OPINION BY JUDGE COFER:

There is no evidence whatever of any purpose on the part of the tenants to do any act calculated to endanger the security for the rent. There was no effort to prove that they had removed, or proposed to remove, sell or otherwise dispose of any of their property, or that the property on the premises was not ample security for the rent.

The fact that Thomas H. Helm denied liability, and that he and his father refused to sign the lease prepared for the appellee, afforded no ground for the attachment. The lease contained some unusual provisions and one harsh provision, and there was no evidence that they agreed at the time of the renting to execute a lease containing these extraordinary provisions. There was some evidence that they promised to sign it, but unless they agreed to do so at the time the contract of leasing was made they were not bound to sign because they may have subsequently agreed to do so. But, however the fact may be as to the agreement to execute the writing, neither the refusal to execute it nor the denial of Thomas that he was bound for the rent furnished any ground for an attachment.

There being a failure of proof to sustain the attachment, the order sustaining it must be *reversed* and the cause remanded with directions to set aside the judgment and dismiss the attachment.

*J. & J. W. Rodman, for appellant.*

*Clarke & Grider, for appellee.*